**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Francis A. Grandinetti, II, | ) | No. CV 08-191-PHX-MHM (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jody Bradley, et al., | ) | |
| Defendants. | ) | |

Plaintiff Francis A. Grandinetti, II, who is confined in the CCA-Red Rock Correctional Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1  § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." <u>Tierney</u>
2  <u>v. Kupers</u>, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  A prisoner barred from proceeding *in*
3  *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4  §§ 1911-14 applicable to everyone else.  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th
5  Cir.1996).

6  More than three of the prior actions Plaintiff has filed in federal courts have been
7  dismissed as frivolous, malicious, or as failing to state a claim.  <u>See</u> <u>Grandinetti v. Iranon</u>,
8  CV 96-101-HC (E.D. Tex. Jan. 26,1998); <u>Grandinetti v. Iranon</u>, CV 96-0118-TH (E.D. Tex.
9  Jul. 20, 1998); <u>Grandinetti v. Bobby Ross Group, Inc.</u>, CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and <u>Grandinetti v. Luna</u>, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C.
13 § 1915(g).

14 **II.     Failure to Allege Imminent Danger of Serious Physical Injury**

15 In the Complaint, Plaintiff alleges that: (1) on December 20, 2007 he was subjected
16 to the excessive use of force; (2) on December 20, 2007 his legal mail was improperly
17 handled; and (3) on January 9, 2008, Plaintiff's mail was improperly handled.  All of
18 Plaintiff's claims relate to past incidents.

19 An allegation of past harm does not constitute a credible allegation that Plaintiff is in
20 imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for
21 Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee.
22 Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to
23 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee.  If Plaintiff wishes to
24 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
25 his action.

26 . . .
27 . . .
28

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(2) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 28th day of February, 2008.

_____
Mary H. Murguia
United States District Judge